**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JERMAINE TERRELL JACKSON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-CV-00949-JAR |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Movant Jermaine Terrell Jackson's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1). Movant has filed a memorandum in support of his motion (Doc. 3). Respondent United States of America has responded (Doc. 4), and Movant has replied. (Doc. 5). For the reasons discussed below, the motion will be denied.

## I. BACKGROUND

On December 20, 2016, Movant signed a guilty plea agreement admitting violations of 21 U.S.C. § 841(a)(1) and § 846 for the lesser offense of conspiring to distribute heroin (Count I) and 18 U.S.C. § 922(g)(1) for being a felon in possession of a firearm (Counts II-III). *United States of America v. Jackson*, No. 4:16-CR-00186-JAR (hereinafter *Jackson Criminal Case*), Doc. 47. In exchange for Movant's guilty plea, and pursuant to Fed. R. Crim. P. 11(c)(1)(A), the government agreed that no further prosecution would be brought in the Eastern District of Missouri regarding Movant's participation in a conspiracy to distribute heroin for a specified time period. *Id.* at 1-2. The Final Presentence Investigation Report determined Movant to be a career offender with a total offense level of 31 and a criminal history category of VI, resulting in a guideline range of

punishment of 188-235 months. *Jackson Criminal Case*, Doc. 62. On July 7, 2017, this Court sentenced Movant to 150 months' imprisonment on Count I and 120 months' imprisonment on each of Counts II and III, such terms to be served concurrently. *Jackson Criminal Case*, Doc. 74.

The Final Presentence Investigation Report, which was adopted by this Court before sentencing without any objection by Movant, establishes the facts underlying Movant's criminal conduct. *Jackson Criminal Case*, Doc. 62. The U.S. Drug Enforcement Administration began investigating Movant in April 2014. On June 26, 2015, investigators were informed by a confidential source that Movant had obtained multiple pounds of heroin from various states and planned to distribute the drugs within the Eastern District of Missouri. Investigators also learned that Movant intended to use the United States Postal Service ("USPS") to send and receive packages containing the drugs.

On July 29, 2015, the United States Postal Inspector Service ("USPIS") intercepted a package containing $9,000 hidden inside a DVD player. Video surveillance identified Movant as the individual who mailed the parcel from a USPS office in Jennings, Missouri. On August 21, 2015, USPIS intercepted another package connected to Movant, this time containing over three pounds of heroin. After obtaining authorization for a wiretap, investigators heard Movant arrange a drug transaction with a confidential source. Missouri police officers proceeded to conduct a traffic stop of a second car involved in the transaction, during which they located a baggie containing heroin.

On March 18, 2016, investigators went to the place of employment of Movant's girlfriend, Erika. Investigators requested that Erika contact Movant because he was wanted for questioning. Erika, meanwhile, was placed under arrest for questioning regarding her involvement in the conspiracy to distribute heroin. After arriving at the police station, Movant admitted that he sold marijuana and heroin through coordinated shipments from California and Arizona. Movant also

reported having a firearm under his bed; a subsequent search of his residence located a Smith & Wesson .44 caliber revolver which had been reported stolen in 2009. On June 30, 2016, pursuant to a federal indictment, the United States Marshals Service executed an arrest warrant for Jackson during which they found a loaded Taurus .380 caliber revolver. Movant was taken into federal custody that day.

Movant has now filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1). This Court will construe the motion liberally given Movant's pro se status. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Movant brings the following grounds for relief, all alleging ineffective assistance of counsel:

> *Ground 1 (Suppression Motion)*: Movant claims that counsel was ineffective for failing to move to suppress Movant's inculpatory statements made on March 18, 2016 as involuntary and obtained in violation of Fed. R. Crim. P. 5(a).
>
> *Ground 2 (Plea Agreement)*: Movant claims that counsel was ineffective for failing to include a Rule 11(c)(1)(C) provision specifying a sentencing range in the negotiated plea agreement.[1]
>
> *Ground 3 (Sentence)*: Movant claims that counsel was ineffective for failing to object to the Court's assessment of Movant's total offense level.

## II. LEGAL STANDARD

A § 2255 movant is entitled to relief when his sentence "was imposed in violation of the Constitution or laws of the United States." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (citing 28 U.S.C. § 2255). The movant must show that the claimed error "amount[s] to a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Rhodes v. United States*, No. 4:15-CV-432 JAR, 2018 WL 950223 (E.D. Mo. Feb. 20, 2018) (quoting *Davis*

[1] Movant cited Fed. R. Crim. P. 11(C)(3)(A) in his memorandum. (Doc. 3 at 4). Respondent has suggested, however, that Movant "is actually arguing that his counsel should have secured a plea pursuant to Fed. R. Crim. P. 11(c)(1)(C)," which allows the government and defendant to agree to a specific sentence or sentencing range. (Doc. 4 at 14 n.3). Movant has not challenged this characterization, and the Court agrees with Respondent that it is the proper interpretation of Movant's argument.

*v. United States*, 417 U.S. 333, 346 (1974)). But "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of a guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 266 (1973). "Collateral review of a guilty plea is therefore 'ordinarily confined to whether the underlying plea was both counseled and voluntary.'" *Green v. United States*, No. 1:09-CV-34 CAS, 2012 WL 760891, at *5 (E.D. Mo. Mar. 7, 2012) (quoting *United States v. Broce*, 488 U.S. 563, 569 (1989)).

## III. DISCUSSION

In each ground for relief, Movant alleges that he received ineffective assistance of counsel. Movant faces a "heavy burden" to demonstrate ineffective assistance of counsel in the context of a § 2255 motion, especially where he has pleaded guilty. *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). To prove ineffective assistance of counsel, Movant must show that his attorney's performance was objectively unreasonable and that he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). It is Movant's "burden to overcome the strong presumption that counsel's actions constituted objectively reasonable strategy under the circumstances." *Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005) (quoting *Schumacher v. Hopkins*, 83 F.3d 1034, 1037 (8th Cir. 1996)).

As to prejudice, Movant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "It is not sufficient for a defendant to show that the error had some 'conceivable effect' on the result of the proceeding because not every error that influences a proceeding undermines the reliability of the outcome of the proceeding." *Odem v. Hopkins*, 382 F.3d 846, 851 (8th Cir. 2004) (quoting *Strickland*, 466 U.S. at 693). Because he is alleging ineffective assistance in the guilty

plea context, Movant "must establish a reasonable probability that he would have exercised his right to trial but for counsel's ineffectiveness." *Watson v. United States*, 682 F.3d 740, 745 (8th Cir. 2012).

The Court notes that Movant affirmed at both his sentencing and plea hearings that he received adequate assistance of counsel. The follow exchange occurred at Movant's plea hearing:

> Court: [B]ut generally, have you had enough time to talk to [counsel] about your case?
>
> Movant: Yes, sir.
>
> Court: Has he answered all of your questions?
>
> Movant: Yes, sir.
>
> Court: Has he done everything you have asked him to do in this case?
>
> Movant: Yes, sir.
>
> Court: You are satisfied with his services; is that correct?
>
> Movant: Yes, sir. (*Jackson Criminal Case*, Doc. 92 at 7).

A substantially similar exchange occurred at Movant's sentencing hearing. *Jackson Criminal Case*, Doc. 83 at 6. Movant did indicate at his sentencing hearing that he believed his counsel could have done more on Count I as to the effect of his prior convictions at sentencing. *Id.* at 7-8. Beyond this specific complaint, Movant's sworn statements to this Court that his counsel provided adequate legal services directly contradict his present allegations of ineffective assistance.

Movant also repeatedly affirmed that he was pleading guilty knowingly and voluntarily. The following exchange occurred at Movant's plea hearing:

> Court: I just want to ask you again with regard to the guilty plea agreement, did you sign and enter into this agreement freely and voluntarily?
>
> Movant: Yes, sir.
>
> Court: And are you here today entering the plea of guilty freely and voluntarily?

Movant: Yes, sir.

Court: Other than the representations in this guilty plea agreement, has anybody promised you anything, threatened you in any way, made any other representations to you of any kind to get you to enter this plea of guilty?

Movant: No, sir. (*Jackson Criminal Case*, Doc. 92 at 22-23).

Movant's "representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) (quoting *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985)). While this Court will proceed to address Movant's substantive arguments, it notes that such arguments are entirely inconsistent with Movant's sworn statements.

GROUND 1 (Suppression Motion)

Movant contends that counsel rendered ineffective assistance by failing to move to suppress inculpatory statements made by Movant to police. (Doc. 3 at 13). Movant alleges that he never received a *Miranda* warning, police detained his girlfriend as a means of coercion, and the government violated Fed. R. Crim. P. 5(a) by failing to timely present Movant to a magistrate judge. Respondent argues that Movant voluntarily waived his right to file pretrial motions and, regardless, a suppression motion would have been unsuccessful. (Doc. 4 at 7-12).

Movant cannot raise stand-alone claims relating to pre-plea ineffective assistance of counsel because his guilty plea "represents a break in the chain of events which has preceded it in the criminal process." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Id.* Instead, Movant may only "attack the voluntary and intelligent character of the guilty plea." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985)

(quoting *id.*). "Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Id.* at 56 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)).

Movant appeared in court before Magistrate Judge Noce and waived his right to file any pretrial suppression motions. Magistrate Judge Noce determined that Movant waived this right voluntarily. *Jackson Criminal Case*, Doc. 40. Before this Court, Movant confirmed his understanding that he had waived the right to appeal "all non-jurisdictional, non-sentencing issues, including but not limited to any issues relating to the filing or not filing of pretrial motions." *Jackson Criminal Case*, Doc. 92 at 21. At no point prior to sentencing did Movant request an evidentiary hearing or object to any of the evidence against him.

The failure to file a motion to suppress can constitute ineffective assistance of counsel in certain limited circumstances. *See United States v. Johnson*, 707 F.2d 317, 320 (8th Cir. 1983) (citing *United States v. Easter*, 539 F.2d 663 (8th Cir. 1976)). In order to demonstrate that counsel's ineffective assistance rendered his guilty plea involuntary, however, Movant must first demonstrate that a motion to suppress would have been meritorious. *United States v. Luke*, 868 F.3d 600, 605 (8th Cir. 2012). "The performance of an attorney is not deficient for failure to object to admissible evidence," and failure to file a meritless motion to suppress is not objectively unreasonable. *Russell v. Jones*, 886 F.2d 149, 152 (8th Cir. 1989); *see Pampkin v. Bowersox*, No. 4:16-CV-00561 JCH, 2016 WL 6577189, at *4-5 (E.D. Mo. Nov. 7, 2016). Even if a suppression motion could potentially have been meritorious, this does not mean counsel acted objectively unreasonably by failing to file such a motion.

*Miranda Warning*

Movant claims that a Miranda warning "was not given at the outset of the interrogation, and in fact, the warning was never verbally rendered by the Investigators, nor was it read." (Doc. 3 at 9); *see Miranda v. Arizona*, 384 U.S. 436 (1966). Instead, according to Movant, he was informed at the end of the interrogation that he would need to sign a document entitled "Advice of Rights" to avoid going to jail. (*Id.*). Respondent disputes these facts, claiming that Task Force Officer Sanders "read [Movant] his Miranda rights and [Movant] agreed to waive those rights." (Doc. 4 at 10; Doc. 4-1). In reply, Movant notes that the Advice of Rights form was signed at 4:25 P.M., but he had arrived at the police station around 3:00 P.M. and had been questioned before he signed the document. (Doc. 5 at 3-4). The Advice of Rights form indicates that Movant understood his Miranda rights and was willing to answer the officers' questions.

"A Miranda warning must be administered when a suspect undergoes custodial interrogation, which occurs when an officer's interaction with the suspect is 'likely to elicit an incriminating response.'" *United States v. Torres-Lona*, 491 F.3d 750, 757 (8th Cir. 2007) (quoting *Rhode Island v. Innis*, 446 U.S. 291, 301 (1980)). Miranda warnings are "not themselves rights protected by the Constitution but [are] instead measures to ensure that the [suspect's] right against compulsory self-incrimination [is] protected." *Moran v. Burbine*, 475 U.S. 412, 425 (1986) (quoting *New York v. Quarles*, 467 U.S. 649, 654 (1984)). A suspect may waive his Fifth Amendment right against self-incrimination provided the waiver is made voluntarily, knowingly, and intelligently. *Miranda*, 384 U.S. at 444.

There is a genuine factual dispute as to whether Movant received his Miranda warning before undergoing custodial interrogation.[2] The question before this Court, however, is not

[2] It is not exactly clear if Movant's inculpatory statements were repeated after executing the Advice of Rights form, and accordingly whether this may have constituted a "two-step" interrogation. *See Missouri v. Seibert*, 542 U.S. 600 (2003). In such circumstances, "the prosecution bears the burden of establishing by a preponderance of the evidence

whether Movant can now successfully move to suppress his inculpatory statements. Indeed, Movant has waived any such claim. *See United States v. Freeman*, 625 F.3d 1049, 1052 (8th Cir. 2010) ("A guilty plea waives all suppression issues not expressly reserved by a conditional plea."). Rather, this Court must determine whether Movant's counsel acted unreasonably by failing to file a suppression motion, and whether such failure prejudiced Movant. Considering that Movant did execute the Advice of Rights form and was willing to admit that he committed the crimes for which he was indicted, this Court cannot say that counsel's failure to move to suppress these statements fell outside the "wide range of reasonable professional assistance." *Strickland v. Washington*, 466 U.S. 668, 689 (1984).

Further, this Court does not believe that Movant has shown prejudice. To demonstrate prejudice, Movant must prove that there is a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and instead would have insisted on going to trial." *Burtchett v. United States*, No. 6:11-CV-03148-DGK, 2012 WL 2577521, at *3 (W.D. Mo. July 3, 2012) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Hill*, 474 U.S. at 58. It is less than "more likely than not," *Kyles v. Whitley*, 514 U.S. 419, 434 (1995), but more than a possibility. *White v. Roper*, 416 F.3d 728, 732 (8th Cir. 2005).

Movant argues that the government's case was "weak" and "would have been difficult to prove in a trial." (Doc. 5 at 6). Statements which are self-serving and unsupported by evidence do not establish a basis for relief under § 2255. *United States v. Apfel*, 97 F.3d 1074, 1077 (8th Cir. 1996). The government had substantial evidence against Movant beyond his incriminating statements. Given the evidence obtained through USPIS, wiretaps, and confidential sources, this

---

that the failure to provide warnings at the outset of the interrogation was not deliberate." *Torres-Lona*, 491 F.3d at 758 (citing *United States v. Ollie*, 442 F.3d 1135, 1142-43 (8th Cir. 2006)).

Court does not believe there is a reasonable probability that Movant would have proceeded to trial even if counsel had filed a motion to suppress (and even if such motion was successful).

When a movant claims his guilty plea was not knowing and voluntary due to ineffective assistance, he or she "must overcome strong presumptions of counsel's competence and of the voluntariness of the guilty plea based on his representations at the plea hearing." *Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993). Though it is plausible that a motion to suppress Movant's inculpatory statements would have been successful, Movant has not demonstrated that the failure to file such a motion was either objectively unreasonable or prejudicial.

*Coercion*

Movant also claims that his counsel was ineffective for failing to move for suppression on the grounds that his inculpatory statements were obtained through coercion. (Doc. 3 at 10-12). Movant specifically contends that officers arrested his girlfriend and held her as "ransom," which resulted in Movant being "overborne" by the officers and rendering his statements involuntary. (Doc. 5 at 4-5). Movant's girlfriend alleges that officers told her she could not leave unless Movant came to the station to be questioned. (Doc. 3 at 21). Respondent argues that "[n]o threats were made and no force was" used against Movant, and therefore the confession was voluntary. (Doc. 4 at 11).

"The appropriate test for determining the voluntariness of a confession is 'whether, in light of the totality of the circumstances, pressures exerted upon the suspect have overborne his will.'" *United States v. Meirovitz*, 918 F.2d 1376, 1379 (8th Cir. 1990) (quoting *United States v. Jorgensen*, 871 F.2d 725, 728 (8th Cir. 1989)). The two primary factors to consider are the "conduct of law enforcement officials and the capacity of the suspect to resist pressure to confess." *Jorgensen*, 781 F.2d at 729 (citing *Colorado v. Connelly*, 479 U.S. 157 (1986)). Other factors

courts consider include the length of the interrogation, degree of coercion, and the defendant's maturity, education, and mental condition. *United States v. Daniels*, 775 F.3d 1001, 1004-05 (8th Cir. 2014).

The Eighth Circuit has recognized that police may elicit confessions through a "variety of tactics," including "playing on a suspect's emotions" and "deceiving the suspect." *United States v. Brave Heart*, 397 F.3d 1035, 1041 (8th Cir. 2005). Courts have generally held that a threat to prosecute a third party becomes coercive if the state does not have probable cause to arrest the third party. *See Thompson v. Haley*, 255 F.3d 1292, 1297 (11th Cir. 2001) (threat to bring charges against defendant's wife not coercive where police had probable cause to bring charges); *United States v. Casal*, 915 F.2d 1225 (8th Cir. 1990) (girlfriend's presence at police station did not render confession involuntary); *United States v. McShane*, 462 F.2d 5, 7 (9th Cir. 1972) ("If the officers in this case before us had expressly threatened [defendant's girlfriend] with arrest or prosecution, or had bargained with [defendant] to get his confession in exchange for her release, we would have serious doubts about the admissibility of the confession.").

Beyond the allegation that he did not receive a Miranda warning, Movant's only basis for claiming his confession was involuntary is the arrest of his girlfriend. Otherwise, there is no evidence any threats were made against Movant. The interrogation lasted a short period and Movant has not alleged that officers explicitly threatened that his girlfriend would be prosecuted unless Movant cooperated. Instead, Movant has only stated that he "did not believe [the officers] were going to let his girlfriend leave without getting the information they wanted." (Doc. 5 at 2). In response the government claims that Movant's girlfriend was arrested "for her involvement in the conspiracy," though the Court notes that no charges appear to have ever been filed against Movant's girlfriend. (Doc. 4 at 9). The Final Presentence Investigation Report does state,

however, that Movant's girlfriend sold heroin at Movant's direction and aided Movant's distribution. *Jackson Criminal Case*, Doc. 62 at 6.

Movant has established a factual dispute as to whether his confession at the police station was voluntary. Threatening prosecution against a defendant's loved one unquestionably can, in certain circumstances, render a confession involuntary. Respondent claims that police had probable cause to arrest Movant's girlfriend. Without an evidentiary hearing, this Court cannot say with certainty that a motion to suppress would have been meritless.

Once again, however, the Court must recognize that Movant has waived his ability to challenge suppression issues. *See United States v. Freeman*, 625 F.3d 1049, 1052 (8th Cir. 2010) ("A guilty plea waives all suppression issues not expressly reserved by a conditional plea."). Having determined that the voluntariness of Movant's inculpatory statements is a close and fact-intensive question, this Court cannot say that counsel acted outside the "wide range of reasonable professional assistance" by failing to file a suppression motion and instead successfully negotiating a guilty plea. *Strickland v. Washington*, 466 U.S. 668, 689 (1984). The Court also does not believe, in light of the substantial evidence against Movant, that counsel's filing of a suppression motion (even if successful) would have resulted in Movant proceeding to trial.

*Rule 5(a)*

Fed. R. Crim. P. 5(a)(1)(A) provides that a person making an arrest "must take the defendant without unnecessary delay before a magistrate judge, or before a state or local judicial officer as Rule 5(c) provides, unless a statute provides otherwise." "Under the judicial doctrine commonly known as the *McNabb-Mallory* rule, 'confessions made during periods of detention that violate [Rule 5(a)'s] prompt presentment requirement' are 'generally render[ed]

inadmissible.'" *United States v. Casillas*, 792 F.3d 929, 930 (8th Cir. 2015) (quoting *Corley v. United States*, 556 U.S. 303, 309 (2009)).

Respondent argues that Movant formally waived his right to be presented without delay by signing the "Prompt Presentment Waiver Form." (Doc. 4-2). There is a broad consensus, adopted by at least one court in this circuit, upholding the validity of Rule 5 presentment waivers. *United States v. McConnell*, No. 13-CR-273 (SRN/FLN), 2017 WL 396538, at *6 (D. Minn. Jan. 30, 2017). Movant simply argues that his execution of the Prompt Present Waiver Form was involuntary for the same reasons that his inculpatory statements were involuntary. (Doc. 3 at 13). For the same reasons discussed above, and given Movant's signed waiver, this Court finds that Movant has not demonstrated that counsel rendered ineffective assistance by failing to move to suppress based on an alleged Rule 5(a) violation.[3]

GROUND 2 (Plea Agreement)

Movant argues that counsel was ineffective for failing to secure a binding plea agreement establishing an agreed upon sentence or sentencing range. (Doc. 3 at 13-14). Fed. R. Crim. P. 11(c)(1)(C) provides that a plea agreement may specify that the government will "agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply." Movant believes the government would have been "quite amenable" to such a provision. (*Id.* at 14). Respondent contends that Movant is "unable to demonstrate that he would have been able to secure a plea under Fed. R Crim. P. 11(c)(1)(C)." (Doc. 4 at 15).

[3] Independent of Movant's waiver, it is unclear whether Rule 5 was violated at the time of Movant's inculpatory statements. Movant arrived at the police station around 3:00 P.M and has not alleged that the inculpatory statements were made more than six hours later. *See* 18 U.S.C. § 3501(c).

As courts in this circuit have recognized, "[n]on-binding agreements . . . are entered into regularly by defendants and their lawyers," while "[b]inding plea agreements reached pursuant to Rule 11(c)(1)(C) are rare." *Austin v. United States*, No. Civ. 06-4071, 2007 WL 582027, at *5 (D. S.D. Feb. 20, 2007). Movant has presented no evidence that the government was willing to enter into a binding plea agreement. Instead, Movant only argues that it is "conceivable that the government would have been quite amenable" to such an agreement. (Doc. 3 at 14). But Movant "neither explains why his counsel should have proposed such an agreement nor does he explain why the Government would have accepted such an agreement." *United States v. Mickle*, Civ. No. 07-4343 ADM, 2008 WL 682103, at *1 (D. Minn. Mar. 7, 2008). Therefore, there is no basis on which this Court can conclude that counsel acted in an objectively unreasonable manner by failing to seek a binding plea agreement (if that is in fact the case).

Movant has also not demonstrated that he suffered any prejudice, as there is no indication that both the government and this Court would have accepted such an agreement. A binding plea agreement "does not simply spring into existence based on the attorney's sheer willpower." *Gonzalez-Carrion v. United States*, No. 3:15-CV-1907 (JAF), 2016 WL 297433, at *3 (D. P.R. Jan. 22, 2016). The government agreed to a lesser included offense on Count I pursuant to the non-binding plea agreement but specifically included the provision that "either party may request a sentence above or below the U.S. Sentencing Guidelines range." *Jackson Criminal Case*, Doc. 47 at 2. This language suggests that the government would not have been willing to accept a binding plea agreement. Movant has not demonstrated that counsel acted unreasonably by failing to seek a binding plea agreement nor that Movant was prejudiced as a result. Therefore, Movant did not receive ineffective assistance of counsel as to Ground 2.

GROUND 3 (Sentence)

Movant argues that counsel rendered ineffective assistance by permitting "the Court to erroneously believe and state to the [Movant] that, 'even if [he were not] a career offender the guideline range would still be 135-168 months.'" (Doc. 3 at 14). Movant contends that counsel should have objected to this statement, considering the actual guideline range would have been 121-151 months. (Doc. 3 at 15).[4] To clarify, this Court made this statement hypothetically, as Movant was properly determined to be a career offender.

As Respondent notes, the Eighth Circuit has already addressed this precise issue. On direct appeal of Movant's sentence, the Eighth Circuit considered Movant's argument that "the court erroneously believed that, in the absence of the finding of Career Offender status, [Movant] would have been at a total offense level of 31 rather than the correctly calculated range of 30." *United States v. Jackson*, 909 F.3d 922, 925 (8th Cir. 2018). The Eighth Circuit, however, was "unpersuaded that [this Court's] stray comment about what the sentencing guideline range would have been without the career offender finding is significant." *Id.* The court also found that Movant was properly classified as a career offender.

The standards of review for a habeas ineffective assistance of counsel claim and appeal of the application of the sentencing guidelines are not identical. But in order to show prejudice due to counsel's alleged ineffective assistance, Movant must demonstrate that "the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Movant alleges that counsel rendered ineffective assistance by failing to object to this Court's stray statement regarding an

[4] To the extent Movant is arguing that counsel should have argued that Movant was not a career offender, such argument is contradicted by both the plea agreement and plea hearing, as noted by Respondent. In the plea agreement, each party explicitly "reserve[d] the right to argue that [Movant] is or is not a Career Offender." *Jackson Criminal Case*, Doc. 47 at 8. The Court specifically informed Movant at the plea hearing that his guideline range could be increased if he were determined to be a career offender or armed career criminal. *Jackson Criminal Case*, Doc. 92 at 18-19.

inapplicable (given Movant's career offender status) guideline range. The Eighth Circuit's holding clearly suggests that the result of the proceeding would not have been different even if the Court had been made aware of the supposed error. Therefore, Movant did not receive ineffective assistance of counsel as to Ground 3.

## IV. EVIDENTIARY HEARING

An evidentiary hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "Accordingly, a claim may be dismissed without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994). Movant has not specifically requested an evidentiary hearing, and no such hearing is necessary because the claims brought are inadequate on their face.

## V. CONCLUSION

As alleged by Movant, certain tactics employed by Missouri police raise serious questions regarding the admissibility of Movant's incriminating statements on March 18, 2016. Having pleaded guilty before this Court, however, Movant "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of a guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 266 (1973). Movant has not demonstrated that counsel acted unreasonably by failing to file a motion to suppress or that Movant would have otherwise proceeded to trial. Movant has also not demonstrated that he suffered any prejudice from counsel's failure to negotiate a binding plea agreement or object to the Court's stray comment at sentencing.

Accordingly,

**IT IS HEREBY ORDERED** that Movant Jermaine Terrell Jackson's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED.**

**FURTHER** the Court finds that, because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). A judgment dismissing this case is filed herewith.

Dated this 12th day of April, 2021.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE